UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
MALIKUL AZIZ, RONNIE CRUZ, and
RUDAN RAMSAHAI,
individually and on behalf of all of those
similarly situated,

                              Plaintiffs,

-against-

CITY OF NEWARK, NEW JERSEY,

                              Defendant.
------------------------------------------------------------X

INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME AND WAGES UNDER THE FLSA

INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND WAGES UNDER NEW JERSEY WAGE AND HOUR LAW AND NEW JERSEY WAGE PAYMENT LAW

**JURY TRIAL DEMANDED**

## INDIVIDUAL, COLLECTIVE ACTION, AND CLASS ACTION CIVIL COMPLAINT

Malikul Aziz, Ronnie Cruz, and Rudan Ramsahai ("Named Plaintiffs"), individually and on behalf of all those similarly situated, hereby complain as follows against Defendant.

### NATURE OF ACTION

1. Plaintiffs are current and former employees of the City of Newark, New Jersey who passed a civil service exam and were sent to the New Jersey State Police Academy at Sea Girt for a sixteen (16) week cadet training program.

2. Defendant required Named Plaintiffs and others similarly situated to attend the training at Sea Girt prior to becoming full-time police officers.

3. Named Plaintiffs initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"). Named Plaintiffs assert that Defendant failed to pay Named Plaintiffs and those similarly situated proper overtime compensation in violation of the FLSA, and failed to pay wages to Named Plaintiffs and those similarly situated for certain hours worked in violation of the FLSA.

4. In addition, Named Plaintiffs initiated the instant action to redress violations by Defendant of the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law (collectively "New Jersey Wage Laws"). Named Plaintiffs assert that Defendant failed to pay Named Plaintiffs and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the New Jersey Wage Laws.

## JURISDICTION AND VENUE

5. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "4", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

6. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

7. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court has

supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

8. Venue in the District of New Jersey, Newark Division, is proper because the incident, which is the subject of this lawsuit, occurred in the State of New Jersey and Defendant, is administratively located and reside or employed within the District of New Jersey. See 28 U.S.C. § 1391(b)(1) and § 1391(c).

**PARTIES**

9. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "8", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

10. Named Plaintiff Malikul Aziz is an adult individual who is a current employee of the City of Newark, New Jersey.

11. Named Plaintiff Aziz attended the aforesaid sixteen (16) week police cadet training program at the New Jersey State Police Academy at Sea Girt from in or about August 2017 through and including December 2017.

12. Named Plaintiff Ronnie Cruz is an adult individual who is a current employee of the City of Newark, New Jersey.

13. Named Plaintiff Cruz attended the aforesaid sixteen (16) week police cadet training program at the New Jersey State Police Academy at Sea Girt from in or about August 2017 through and including December 2017.

14. Named Plaintiff Rudan Ramsahai is an adult individual who is a current employee of the City of Newark, New Jersey.

15. Named Plaintiff Rudan Ramsahai attended the aforesaid sixteen (16) week police cadet training program at the New Jersey State Police Academy at Sea Girt from in or about August 2018 through and including December 2018.

16. At all times relevant Named Plaintiffs and all similarly situated class members were employed by Defendant Newark and were enrolled the aforesaid sixteen (16) week police cadet training program at the New Jersey State Police Academy located at Sea Girt, New Jersey ("Sea Girt").

17. That at all times herein relevant, Defendant Newark sent Named Plaintiffs, and all similarly situated class and collective members to Sea Girt for police training.

18. ("NEWARK") is and was at all times a municipal entity created and authorized under the laws of the State of New Jersey. It is authorized by law to establish and maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible and the employment of police cadets, police officers such as the Plaintiffs and all similarly situated class and collective members.

19. Defendant resides at 920 Broad Street, Newark, New Jersey 07102.

20. That at all times herein relevant, Defendant Newark was the employer of Named Plaintiffs and all similarly situated class and collective members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. In addition to each Named Plaintiff bringing this action in an individually capacity, the Named Plaintiffs collectively brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), acting on behalf of all cadets and others in similar non-exempt positions presently and formerly employed by Defendant and who were subject to Defendant's unlawful pay practices

4

and policies, and who worked for Defendant at any point in the three years period preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

22. Upon information and belief, the Collective Plaintiffs consist of more than one hundred ninety (190) similarly situated individuals who have not been paid overtime and who would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join this lawsuit.

23. Named Plaintiffs and Collective Plaintiffs work and/or worked for Defendant Newark within the last three year period prior to the commencement of this action.

24. Named Plaintiff and Collective Plaintiffs are similarly situated, have and/or had substantially similar job duties, have and/or substantially similar pay provisions, and are and/or were all subject to Defendant's unlawful policies and practices as discussed *infra*.

25. Upon information and belief, there are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work while at Sea Girt in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

26. Upon information and belief, Defendant failed to pay overtime to employees other than those in the Collective, and Named Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

27. Upon information and belief, there are numerous similarly situated current and former employees of Defendant who attended Sea Girt and were not lawfully paid by Defendant, its agent(s) and/or administrative departments for post-shift activities and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the instant lawsuit.

28. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

29. All of the work that Plaintiffs and the FLSA Collective performed has been assigned by Defendant and Defendant was aware of all the work that Plaintiffs and the FLSA Collective performed.

30. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

    b. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, worked for the benefit of Defendant.

31. Defendant is aware and should have been aware that federal law required it to pay employees minimum wage for all of the hours they worked.

32. Upon information and belief, similarly situated employees and/or former employees are known to Defendant, are readily identifiable by Defendant, and can be located, readily identified, and located through a search of Defendant's records.

33. By reason of the foregoing, it is respectfully submitted and requested that Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of each and all of them and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

34. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "33", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claims for relief to redress Defendant's violations of the New Jersey Wage Laws on behalf of themselves collectively, and each of them individually and on behalf of those similarly situated.

36. Pursuant to F.R.C.P. 23 (b)(1), class certification is appropriate in the within action because the prosecution of separate actions by class members would result in either inconsistent adjudications establishing incompatible pay practices, and/or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

37. Pursuant to F.R.C.P. 23 (b)(3), class certification is appropriate in the within action because questions of law or fact common to members of the class predominate over

any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Specifically, Named Plaintiffs seek to bring this action on behalf of all former academy attendees who during the relevant time period of August 2017, to the date of the final judgment in this matter, have been and/or were employed by Defendant as non-exempt employees at Sea Girt.

39. Defendant subjected these attendees to unlawful pay practices and policies in the six years preceding the date the instant action was initiated (the members of this putative class are referred to as "Class Plaintiffs").

40. Upon information and belief, the Class Plaintiffs includes more than one hundred and ninety (190) similarly situated individuals who were not paid minimum wage and/or who would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join this lawsuit.

41. Named Plaintiffs and Class Plaintiffs are similarly situated, have substantially similar pay provisions, and are and/or were all subject to Defendant's unlawful policies and practices as described herein.

42. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, upon information and belief, the number of potential class members is at least a couple hundred.

43. Named Plaintiffs' claims are typical of the claims of Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, were employed by Defendant within the last six years

in Newark (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by the New Jersey Wage Laws.

44. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 members.

45. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located by a search of through Defendant's records.

46. By reason of the foregoing, Named Plaintiffs should be permitted to bring this action as a class action for and on behalf of each of them and/or on behalf of those employees similarly situated.

## FACTUAL BACKGROUND

47. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "46", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

48. Named Plaintiffs are currently employed by Defendant as police officers.

49. Named Plaintiffs accepted employment positions with Defendant between in or about August 2017 and in or about August 2018.

50. As a condition of their employment Named Plaintiffs attended the New Jersey State Police Academy at Sea Girt from on or about August 17, 2017 until December 2017 and August 2018 until December 2018.

51. Named Plaintiffs represent current and former employees of Defendant who attended the New Jersey Police academy at Sea Girt from between in or about August 2017 through and including December 2017 and August 2018 through December 2018.

52. From in or about August 17, 2017 until December 2017 and August 2018 until December 2018, Named Plaintiffs worked as police cadets as selected by Defendant at New Jersey State Police Academy located at Sea Girt, New Jersey.

53. Upon information and belief, no detailed record of time actually worked by the Named Plaintiffs and/or others similarly situated was kept and/or maintained by Defendant in the aforesaid sixteen (16) week police training program at the Academy.

54. Defendant paid Named Plaintiff their base weekly salary for each of those sixteen (16) weeks, even though Named Plaintiffs worked and were required to work far in excess

of 40 hours during each week while attending and participating in the aforesaid sixteen (16) week police training program

55. Named Plaintiffs and other similarly situated individuals were paid seventeen dollars and fifty cents ($17.50.) per hour for every hour worked despite working more than forty (40) hours per week.

56. Defendant committed the wage and hour violations asserted herein throughout Named Plaintiffs' employment by Defendant, and upon information and belief, continue to commit such violations.

57. Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs (hereinafter collectively "Plaintiffs") are current and/or former employees of Defendant City of Newark who within the last three years period prior to the commencement of this action have been and/or or are presently employed by Defendant as Police Cadets and/or in similarly situated positions.

58. Upon information and belief, Defendant maintained an unlawful wage payment system for at least the three - year period prior to the commencement of this action, and has enforced such unlawful policies throughout its facility at Sea Girt in the State of New Jersey.

**UNPAID MANDATED WORK TIME**

59. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "58", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

60. Upon information and belief, Plaintiffs were scheduled for attendance at the facility at Sea Girt from 6:00 a.m. until 10:00 p.m., Monday through Friday.

61. Plaintiffs regularly worked and continued to work in excess of 40 hours per workweek because Defendant required Plaintiffs to work after their scheduled day was completed.

62. At all relevant times herein, Defendant required Plaintiffs, to arrive at 6:00 a.m. for roll call.

63. Defendant mandated duties required Plaintiffs to attend the academy for sixteen (16) hours a day with limited breaks for breakfast, lunch, and dinner.

64. All of the task performed by Plaintiffs relating to the work to be performed during the day, and perform other required work-related tasks, were without compensation.

65. Defendant failed to pay Plaintiffs for any of the time spent by same as described in the preceding paragraph.

66. Defendant only paid Named Plaintiffs for eight (8) hours per day at a rate of seventeen dollars and fifty cents ($17.50) per hour.

67. Following their scheduled shifts, Defendant required Plaintiffs to work beyond their scheduled shift times on a regular basis and failed to pay them for such time.

68. Defendant's mandated schedule kept Plaintiffs on duty from 6:00 a.m. to 10:00 p.m.

69. Defendant's mandated schedule provided a section of day for "personal time."

70. During this time Plaintiffs did additional duties including but not limited to cleaning bathrooms, washing cars, detailing cars, cleaning the barracks, flag duty, mopping, cleaning classrooms, shining shoes, coffee detail, cleaning the gym, and guard duty.

71. Defendant mandated that each Plaintiff perform guard duty for a two (2) hour shift which is not on the approved schedule.

72. Guard duty would often occur after the scheduled 10:00 p.m. period titled "lights out."

73. During the five (5) day week Plaintiff did not leave the base or remove their uniforms.

74. Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs spent or continue to spend approximately forty (40) hours per week without compensation.

75. Defendant continues to only compensate employees for their scheduled shift times, regardless of actual hours worked, or time recorded in accordance with Defendant's time records.

76. Much of this uncompensated time consists of time worked in excess of 40 hours per workweek, and accordingly, by failing to pay Plaintiffs for this time, Defendant failed to pay proper overtime compensation.

77. The aforementioned conduct has damaged the Plaintiffs.

78. Defendant has a pattern and practice of committing overtime violations.

## COUNT I
### Fair Labor Standards Act ("FLSA") (Failure to pay Overtime Compensation)
### (Named Plaintiffs and Collective Plaintiffs v. Defendant)

79. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "78", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

80. At all times relevant herein, Defendant was and continues to be an employers within the meaning of the FLSA.

81. At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

82. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were employed by Defendant as "employees" within the meaning of the FLSA.

83. Under the FLSA, an employer must pay an employee at least one- and one-half times his or her base rate for each hour worked in excess of forty (40) hours per workweek.

84. Defendant's violations of the FLSA include, but are not limited to:

a. Not paying Named Plaintiffs and Collective Plaintiffs any overtime pay for overtime hours for hours spent on post-shift activities.

85. Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

86. As a result of Defendant's unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

### COUNT II
### New Jersey Wage Laws (Failure to pay Overtime Compensation)
### (Named Plaintiffs and Class Plaintiffs v. Defendant)

87. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "86", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

88. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the New Jersey Wage Laws.

89. At all times relevant herein, Defendant was and is responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

90. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were employed by Defendant as "employees" within the meaning of the New Jersey Wage Laws.

91. Under the New Jersey Wage Laws, an employer must pay an employee at least one- and one-half times his or her base rate for each hour worked in excess of forty hours per workweek.

92. Defendant's violations of the New Jersey Wage Laws include, but are not limited to not paying Named Plaintiff and Class Plaintiffs for time worked on post-shift activities as aforesaid.

93. Defendant's conduct in failing to pay Named Plaintiffs and Class Plaintiffs properly is willful and not based upon any reasonable interpretation of the law.

94. As a result of Defendant's unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**New Jersey Wage Laws (Failure to pay Wages Earned)**
**(Named Plaintiffs and Class Plaintiffs v. Defendant)**

95. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations contained and set forth in the paragraphs of this Complaint numbered and designated "1" through "94", inclusive, with the same force and effect as if fully set forth at length herein again and hereby.

96. At all times relevant herein, Defendant was and continues to be an employer within the meaning of the New Jersey Wage Laws.

97. At all times relevant herein, Defendant is responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

98. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were employed by Defendant as "employees" within the meaning of the New Jersey Wage Laws.

99. Under the New Jersey Wage Laws, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

100. Defendant's violations of the New Jersey Wage Laws include but are not limited to not paying Named Plaintiffs and Class Plaintiffs for time worked on post-shift activities.

101. Defendant's conduct in failing to pay Named Plaintiffs and Class Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

102. As a result of Defendant's unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs prays that this Court enter an Order providing that:

a. Defendant be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

b. Defendant are to compensate, reimburse, and make Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Named Plaintiffs and Collective Plaintiffs, and Class Plaintiffs should be accorded those benefits illegally withheld.

c. Named Plaintiffs and Collective Plaintiffs, are to be awarded liquidated and/or punitive damages pursuant to as applicable law under the laws they are suing under in an amount equal to the actual damages in this case;

    d.  Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Dated:    August 11, 2020
             New York, N.Y. 10022

                              Respectfully submitted,

                              SLATER SLATER SCHULMAN LLP

                              *Adam P. Slater*
                              Adam P. Slater
                              488 Madison Avenue, 20th Floor
                              New York, New York 10022
                              (212) 922 – 0906
                              *Attorneys for Plaintiffs*

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.