**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIKUL AZIZ, RONNIE CRUZ, and RUDAN RAMSAHAI, individually and on behalf of all of those similarly situated,<br><br>   *Plaintiffs,*<br><br>v.<br><br>CITY OF NEWARK,<br><br>   *Defendant.* | Civil Action No. 20-10309<br><br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  Currently pending before the Court is Defendant's motion for partial summary judgment on its statute of limitations defense. D.E. 268. The Court reviewed the submissions in support and in opposition,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

  **I. BACKGROUND AND PROCEDURAL HISTORY**[2]

  Plaintiffs and the other putative class members are Newark police officers, who, as part of their training, were required to attend the New Jersey State Police Academy ("NJSPA") in Sea Girt, New Jersey. *See* SUMF ¶¶ 7-11, 21-24. This training was attended by 204 recruits from August 7, 2017 through December 1, 2017 (the "2017 Class"), and by 142 recruits from August

---

[1] Defendant's brief in support of its motion will be referred to as "Def. Br." (D.E. 268-1); Plaintiffs' opposition brief will be referred to as "Plfs. Opp." (D.E. 269); and Defendant's reply brief will be referred to as "Def. Reply" (D.E. 270).

[2] The facts are drawn from Defendant's Statement of Material Facts ("SOMF"), D.E. 257-1, and Plaintiffs' responses, D.E. 260-1.

13, 2018 through December 7, 2018 (the "2018 Class"). SUMF ¶¶ 21-22. Defendant required Plaintiffs to sign and initial a Statement of Understanding (the "Statement"), setting forth various terms and conditions of their training while in Sea Girt. SUMF ¶ 15. One paragraph of the Statement read, "I understand and acknowledge that I will not receive any overtime pay while I am at the NJSPA." SUMF ¶ 16. Plaintiffs allege that while at the NJSPA, they were required to work 16-hours per day (80 hours per week) and were not paid for any overtime because the waiver in the Statement. SUMF ¶ 33.

On August 11, 2020, Plaintiffs filed a Complaint asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I), and New Jersey Wage Laws (Counts II and III). Compl. ¶¶ 79-102. Plaintiffs seek to recover unpaid overtime, liquidated and/or punitive damages, reasonable fees and costs, and an order prohibiting Defendant "from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws[.]" Compl. ¶ 102.

On February 10, 2022, the parties filed a joint letter with a proposed order for class certification, indicating that Plaintiffs would proceed with their claims as a class under Federal Rule of Civil Procedure 23(b)(2), and referencing only equitable relief. D.E. 226, 226-1 at 2-3 ¶¶ 3-4.[3] Upon review, the Court directed Plaintiffs to submit letters addressing Plaintiffs' basis for proceeding as a Rule 23(b)(2) class and describing the proposed class notice. D.E. 227. After receiving Plaintiffs' response, the Court convened a telephone conference, explaining its concerns and ordering Plaintiffs to submit a further letter addressing those concerns. D.E. 234, 235. The

---

[3] Plaintiffs' Complaint asserts a FLSA collective action as well as a class action under Federal Rule of Civil Procedure 23(b)(3), *see* Compl. ¶¶ 21, 37; however, the proposed order only sought to proceed as a class under Rule 23(b)(2). D.E. 226-1.

2

Court reviewed Plaintiffs' letter, D.E. 239, and denied the proposed consent order, explaining that Plaintiffs could not proceed under Rule 23(b)(2) because the only relief available appeared to be unpaid overtime wages, thus there was no equitable relief to serve as an "anchor-remedy" for a Rule 23(b)(2) class.  D.E. 240 at 8-9.  The parties then filed an updated proposed order, indicating that Plaintiffs would proceed as a class under Federal Rule of Civil Procedure 23(b)(3).  D.E. 241.  Upon review, the Court ordered additional briefing on the basis for pursuing a FLSA claim under Rule 23(b)(3).  D.E. 242.  After a telephone conference with the Court, the parties dismissed the New Jersey Wage Laws claims (Counts II and III), D.E. 247, and filed another proposed order, indicating that Plaintiffs would proceed with only the FLSA claim (Count I) under the FLSA's collective-action mechanism, 29 U.S.C. § 216(b).  D.E. 249.  The Court certified the collective action on May 24, 2022.  D.E. 252.

On November 10, 2022, Defendant filed a letter requesting leave to move for partial summary judgment on two statute of limitations grounds: (1) that the claims of the 2017 Class members are time-barred because Plaintiffs failed to prove that Defendant's alleged violation of the FLSA was willful; and (2) that certain Plaintiffs filed Notices of Consent after the 3-year statute of limitations period and were therefore time-barred regardless of Defendant's willfulness.[4]  D.E. 257.  The Court denied Defendant's request without prejudice, explaining that willfulness is a question of *fact* for the jury.  D.E. 261.[5]  Shortly thereafter, the parties submitted a joint status

---

[4] A cause of action for unpaid overtime compensation under the FLSA may be brought within two years of the claim's accrual, "except that a cause of action arising out of a willful violation may be commenced within three years."  29 U.S.C. § 255(a).

[5] Defendant sought leave to move for summary judgment in reliance on an erroneous legal standard.  *See* D.E. 257 at 2 (providing that "[t]he determination of whether a FLSA violation was willful is a *question of law* on which the plaintiff bears the burden of proof."); *contra Souryavong v. Lackawana Cty.*, 872 F.3d 122, 126 (3d Cir. 2017) (explaining, in the FLSA context, that "willfulness is a 'question of fact'") (citations omitted).

letter in which Defendant again requested leave to move for partial summary judgment on the statute of limitations issue as it pertained to the Notices of Consent that were filed after the 3-year limitations period.  D.E. 264.[6]  The Court granted leave on this limited ground.  D.E. 265.

## II.    STANDARD OF REVIEW

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment.  *Id.*  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)).  A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits,

---

[6] Defendant represented that it could not "negotiate in good faith" in further settlement discussions "without knowing how many collective members remain[ed] [in] the case."  D.E. 264 at 2.

or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

### III.  ANALYSIS

Defendant moves for summary judgment on its statute of limitations defense, arguing that 79 of the 268 opt-in Plaintiffs are time-barred from recovering under the FLSA. Def. Br. at 5. Pursuant to 29 U.S.C. § 255(a), claims for unpaid overtime compensation under the FLSA must be commenced within two years after the cause of action accrued, or three years in the case of a willful violation. 29 U.S.C. § 255(a). A "separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001) (internal quotation marks and citations omitted). Claims brought outside of the two (or three) year period from which the cause of action accrues "shall be forever barred." 29 U.S.C. § 255(a).

When a named plaintiff files the collective action complaint, the plaintiff's claim is deemed commenced. *Thompson v. Real Est. Mortg. Network, Inc.*, No. 11-1494, 2019 WL 2636307, at *11 (D.N.J. June 26, 2019), *aff'd*, 822 F. App'x 136 (3d Cir. 2020) (citation omitted). But unlike the claims of members of a Rule 23 class, the claims of potential opt-ins to FLSA collective actions are not tolled by the filing of the complaint. *Magee v. Francesca's Holding Corp.*, No. 17-565, 2019 WL 8325110, at *2 (D.N.J. Dec. 18, 2019) (citation omitted). Instead, the FLSA statute of limitations period set forth under 29 U.S.C. § 255(a) continues to run until the putative collective action members "opt in" by filing written consent forms to join the action. *Id.* This deviation from Rule 23 is meant to "prevent the assertion of surprise claims by unnamed employees at a time when the statute of limitations would otherwise run." *Sperling v. Hoffman-La Roche, Inc.*, 24 F.3d 463, 469 (3d Cir. 1994) (citations omitted).

Here, there is no dispute that 79 of the opt-in Plaintiffs failed to file their notices of consent within three years. Def. Br. at 5; Plfs. Opp. at 1. The claims for the 2017 Class accrued on the final day of their program—December 1, 2017, therefore the deadline for these class members to opt-in was, at the latest, December 1, 2020. But 44 of the 2017 opt-in Plaintiffs did not file until October 3, 2022. Def. Br. at 6-7. Likewise, the claims for the 2018 Class accrued no later than December 7, 2018, resulting in an opt-in deadline of December 7, 2021. However, 35 of the 2018 opt-in Plaintiffs did not file until October 3, 2022. *Id.* at 7-8.

Plaintiffs argue that the Court should deny Defendant's motion because there is a genuine issue of material fact as to whether the statute of limitations should be equitably tolled. Plfs. Opp. at 1. Equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). But the remedy of equitable tolling

is "extraordinary" and shall be extended "only sparingly." *Santos ex rel. Beato*, 559 F.3d at 197 (quoting *Irwin v. Dep't of Veteran Affairs,* 498 U.S. 89, 96 (1990)). Indeed, it only applies when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (citing *Seitzinger*, 165 F.3d at 240 (3d Cir.1999)). This occurs most often in three scenarios: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Hedges*, 404 F.3d at 751 (citation omitted); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) ("[T]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate."). In addition, a litigant "will not receive the benefit of tolling in any of these situations unless she exercised due diligence in pursuing and preserving her claim." *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (internal quotation marks and citations omitted).

Here, the first two tolling situations are at issue. Plaintiffs first contend that Defendant actively misled Plaintiffs about their eligibility to receive overtime wages by presenting them with a "waiver" of such eligibility; and second, that delays caused by the pandemic and discovery-related matters prevented Plaintiffs from asserting their rights in an "extraordinary" way.[7] Plfs. Opp. at 6-10. Plaintiffs also argue that they have diligently pursued their claims and that equitable tolling would not prejudice Defendant. *Id.* at 10-12, 14-16.

---

[7] Plaintiffs describe the pandemic as an "extraordinary" event that resulted in "extraordinary delays," without presenting any argument as to how such an event prevented Plaintiffs from asserting their rights in an "extraordinary way." *See* Plfs. Opp. at 2.

7

As to the first argument—that Defendant actively misled Plaintiffs—Plaintiffs must demonstrate that there is a genuine issue of fact as to whether Plaintiffs were "induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Here, Plaintiffs contend that "Defendant knew that overtime rights [we]re not waivable under the FLSA yet requested that new cadets sign a document 'waiving' their rights to such pay." Plfs. Opp. at 6. Plaintiffs continue that "the only possible rationale for insisting on such waivers is to trick the signatories, their employees." *Id.* at 7. Plaintiffs add that Defendant needed additional officers but lacked a sufficient budget for overtime, thus, Defendant used "sham waivers" to "induce their signatories to sleep on their rights for the two or three years until the statute of limitations passed," allowing Defendant to "obtain the benefit of a trained police force without having to pay overtime wages due and owing." *Id.* at 7-8.

Such allegations are not sufficient to satisfy Plaintiffs' burden. Even assuming that there is a genuine dispute as to whether Defendant's conduct actively misled Plaintiff—a determination that the Court need not reach—such a finding would only partially satisfy the requirement for equitable tolling. Plaintiffs must also demonstrate that Defendant's alleged deception was responsible for Plaintiffs' noncompliance with the limitations provision. *Min Fu v. Hunan of Morris Food Inc.*, No. 12-05871, 2013 WL 5970167, at *8 (D.N.J. Nov. 6, 2013) (citing *Ruehl v. Viacom Inc.*, 500 F.3d 375, 384 (3d Cir. 2007) (relying on *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).[8] Equitable tolling will only "excuse a plaintiff's

---

[8] *See also Mark v. Gawker Media LLC*, No. 13-4347, 2016 WL 1271064, at *6 (S.D.N.Y. Mar. 29, 2016) (citing *Min Fu*, 2013 WL 5970167, at *8) (rejecting the plaintiffs' contention that the FLSA claims should be equitably tolled on the ground that the plaintiffs were misled by the invalid release form that they signed because the plaintiffs made no showing that the defendants' actions were responsible for their failure to timely file).

noncompliance with the statutory limitations at issue when the defendant actively misled the plaintiff, and the deception caused the plaintiff's non-compliance with the limitations provisions." *Id.* And while it is not a heavy burden to raise a triable issue of fact on this point, an empty record will not suffice. *See Ahmad v. Daniyal Enterprises, LLC*, No. 14-1142, 2015 WL 6872481, at *4 n.6 (D.N.J. Nov. 9, 2015) (denying the plaintiff's equitable tolling argument because the "[p]laintiff has not produced evidence that shows that any deception by [the] [d]efendants caused him to miss the opportunity to file."). Because Plaintiffs have provided no information about the opt-in Plaintiffs from which a reasonable jury could find that Defendant's actions were *responsible* for their failure to timely file,[9] Plaintiffs' request for equitable tolling on this ground is denied.[10]

Next, the Court considers whether the delays in this matter prevented Plaintiffs "in some extraordinary way" from asserting their rights. *Hedges*, 404 F.3d at 751 (citation omitted). Plaintiffs contend that "the COVID-19 Pandemic is an extraordinary event that supports equitable tolling of the FLSA statute of limitations *in its own right*." Plfs. Opp. at 8-9 (emphases added). While courts have found that equitable tolling may be warranted based on pandemic-related delays, it is a fact-specific determination rather than a foregone conclusion.

---

[9] Plaintiffs merely assert, in a conclusory fashion and without citations to the record, that they relied on the agreements that they signed with Defendant, which acknowledged that they would not receive overtime pay during their training at the New Jersey State Police Academy ("NJSPA"). *See* Def. Br. at 7 ("That certain Plaintiffs relied upon the [Defendant's] conclusion of law [as to overtime] is reasonable under the circumstances."); *contra Henchy*, 148 F. Supp. 2d at 439 (denying summary judgment on the statute of limitations issue because the plaintiff alleged that his employer "repeatedly assured him that the overtime compensation provided for in the Agreement was proper.").

[10] Moreover, Plaintiffs did not raise these arguments in the letter that they submitted in response to Defendant's request for leave to file for summary judgment. *See* D.E. 260 (arguing only that equitable tolling was warranted due to "the disruptions of the Covid-19 pandemic."). As such, the Court could have, but did not, disregard any argument on this ground. *See* D.E. 265 at 2 (granting Defendant leave to file its summary judgment motion and notifying the parties that "[i]f either party raises additional issues [not raised in their letters], they will be disregarded by the Court.").

9

The three cases that Plaintiffs rely on (none of which are binding authority) are inapposite. In *Baxter*, the court granted the plaintiffs' unopposed request to equitably toll the FLSA statute of limitations to "offset any prejudice resulting from the pandemic and [the] extension" that had been granted to the defendants to oppose the plaintiffs' motion for conditional certification. *Baxter v. Burns & McDonnell Eng'g Co., Inc.*, No. 19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020). The *Baxter* court considered the following: on March 10, 2020, the plaintiffs' motion for conditional certification was filed; on March 16, 2020, the defendant filed an unopposed request for an extension to oppose the motion, citing the impacts of the pandemic; on March 20, 2020, the court entered a standing order, which automatically extended all filing deadlines between March 16, 2020 through June 5, 2020 by 84 days in light of the pandemic; and during this time, the parties agreed to pause discovery and extend the discovery deadline and the motions deadline by five months each. *Id.* at *1-2. In light of these pandemic-driven extensions, which "through no fault of [the] plaintiffs[] substantially delayed [the] decision on the motion for conditional certification," the court found that "fairness require[d]" that it grant the plaintiffs' unopposed request for equitable tolling. *Id.* at *3.

Likewise, in *Bruno*, the plaintiffs requested tolling of the statute of limitations, citing to a combination of scheduling and pandemic-related delays. *Bruno v. Wells Fargo Bank N.A.*, 19-587, 2021 WL 964938, at *5 (W.D. Pa. Mar. 15, 2021), *stay granted, motion to certify appeal granted*, No. 19-587, 2021 WL 1550076 (W.D. Pa. Apr. 20, 2021). Because the court's decision on the conditional certification motion had been delayed for several reasons, including the defendant's request for a four-month stay for depositions, and the defendant's motion for summary judgment (and subsequent motion for reconsideration), the court found it equitable to toll the statute of limitations from the date that the motion to conditionally certify was filed until 60 days

10

after the notice was mailed. *Id.* at \*5-6. Similarly, in *Cummins*, the court found it equitable to apply tolling beginning on March 3, 2020, the date that the motion for conditional certification was filed, because the motion was filed at "a time when the COVID crisis was both new and reaching a fever pitch." *Cummins v. Ascellon Corp.*, No. 19-2953, 2020 WL 6544822, at \*10 (D. Md. Nov. 6, 2020). Here, in contrast, Plaintiffs cannot point the Court to any pandemic-driven delays in this matter. Plfs. Opp. at 8-9.[11]

Plaintiffs argue further that the Court should apply equitable tolling based on Defendant's requests for discovery-related extensions. Plfs. Opp. at 9-10. The Court disagrees. "[T]here is a high bar for the doctrine of equitable estoppel to apply." *Magee v. Francesca's Holding Corp.*, No. 17-565, 2019 WL 8325110, at \*4 (D.N.J. Dec. 18, 2019). And this case is nothing more than a "typical FLSA case with unfortunate, but expected, routine litigation delays." *Id.* Plaintiffs cite no cases to support their argument, and point only to Defendant's delayed request for admissions responses, contending that delays "such as these in sum caused this Court not to issue a certification order until May 24, 2022." Plfs. Opp. at 10.[12] But a review of the record reveals that Defendant was actively working with Plaintiffs to streamline discovery and the conditional

---

[11] Furthermore, in the cases Plaintiffs rely on, the tolling periods accounted for delays between the filing of the motion for collective certification and the court's ruling on such motion. Here, there were no such delays. Moreover, in contrast to the cases, which requested tolling periods that were reasonably tailored to the circumstances that warranted tolling in the first place, Plaintiffs request that the claims be "tolled from the time [Plaintiffs] signed 'waivers' of their overtime rights until collective counsel received their contact information at conditional certification.'" Plfs. Opp. at 2. Such a request is not tailored to any purported circumstances that warrant equitable tolling.

[12] Plaintiffs draw no connection between Defendant's delayed responses to Plaintiffs' request for admissions (for which Plaintiffs consented to a deadline extension), and Plaintiffs' ability to contact opt-in Plaintiffs. And the request for admissions did not seek identifying information about the class members.

11

certification of the class.[13]  In fact, the delay in certifying the collective action stemmed from Plaintiffs' numerous failed attempts to proceed with certification on unsuitable legal grounds. Plaintiffs cannot now benefit from delays caused by their own actions.  The Third Circuit has made clear that "to meet the extraordinary [] circumstances element, the litigant must show that the circumstances were extraordinary *and* beyond her control." *D.J.S.-W. by Stewart*, 962 F.3d at 752 (internal quotation marks and citations omitted).  Indeed, "it would make little sense" if the "extreme remedy" of equitable tolling were available when a litigant was responsible for her own delay." *Id.*

Because Plaintiffs have not raised a triable issue of material fact as to equitable tolling, the Court need not address Plaintiffs' diligence and absence of prejudice arguments.  *See Menominee Indian Tribe of Wisconsin*, 577 U.S. at 259 n.5 (2016) ("Because we hold that there were no extraordinary circumstances, we need not decide whether the [plaintiff] was diligently pursuing its rights."); *see id.* (explaining that the absence of prejudice is not an "independent basis for invoking the doctrine of equitable tolling," but rather "a factor to be considered" once a situation that might justify such tolling is identified) (internal quotation marks and citations omitted)).

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for partial summary judgment is **GRANTED**.  An appropriate Order accompanies this Opinion.

Date: May 3, 2023

_____
John Michael Vazquez, U.S.D.J.

---

[13] The parties consistently represented to the Court that they were working "diligently" and "in good faith" on various discovery-related matters.  *See, e.g.*, D.E. 224, 233, 248.  Moreover, to "avoid class certification motion practice," Defendant consented to each proposed order for class certification.  D.E. 224, 226, 241, 249.